UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA FRYE,

    Plaintiff,                    CIVIL ACTION NO. 14-cv-11996

    v.                           DISTRICT JUDGE STEPHEN J. MURPHY, III

CSX TRANSPORTATION, INC.,      MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

    Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANTS [20]**

This matter comes before the Court on a Motion to Compel Discovery From Defendants CSX Transportation, Inc. (CSX) and Consolidated Rail Corporation (Conrail) filed by Plaintiff Jessica Frye, as personal representative of the Estate of Shyan Frye. (Docket no. 20.) Defendants CSX and Conrail responded to Plaintiff's Motion (docket no. 25), and Plaintiff replied to Defendants' Response (docket no. 27). The parties have also filed a Joint Statement of Resolved and Unresolved Issues regarding Plaintiff's Motion. (Docket no. 28.) The Motion has been referred to the undersigned for consideration. (Docket no. 22.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.    BACKGROUND**

This matter arises out of an April 15, 2011 train versus pedestrian collision involving a train owned and operated by Defendant CSX that was traveling on track owned by Defendant Conrail and Plaintiff's daughter, Shyan Frye, which resulted in her death. (Docket no. 1-2;

docket no. 20 at 2; docket no. 25 at 2-3.)  The instant Motion concerns Defendants CSX and Conrail's responses to Plaintiff's Combined Interrogatories and Requests for Production Regarding Recording Devices and Documents.  (*See* docket nos. 20-2, 20-3, and 20-4.)  According to Plaintiff, Defendants' responses were incomplete in that they did not respond or object to Request for Production (RFP) nos. 1-3, 7, 10, 11, 15, 16, and 18, and they asserted boilerplate objections to the other RFPs.  (Docket no. 20 at 2.)  Despite subsequent correspondence between the parties, a document production made six months after the time for response to Plaintiff's discovery requests, and a supplemental production on the date of Defendants' Response to the instant Motion, the parties were unable to resolve this discovery dispute.  (*See* docket nos. 20-5, 20-6, 25, 25-5, and 28.)

## II.    GOVERNING LAW

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad.  *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998).  Parties may obtain discovery on any matter that is not privileged, is relevant to any party's claim or defense, and is proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.  Information need not be admissible in evidence to be discoverable.  Fed. R. Civ. P. 26(b)(1).  But the scope of discovery is not unlimited.  "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce."  *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed.R.Civ.P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A). If the party receiving discovery requests under Rules 33 or 34 fails to respond properly, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B). If a court grants a Rule 37 motion to compel, or if discovery is received after a Rule 37 motion is filed, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed.R.Civ.P. 37(a)(5)(A).

### III.   ANALYSIS

According to the parties' Joint Statement of Resolved and Unresolved Issues, issues remain regarding the timeliness of the instant Motion and the sufficiency of Defendants' responses to RFP nos 2-5, 7, 9, 10, and 13-18. (Docket no. 28.)

#### A.   The Timeliness of Plaintiff's Motion

As an initial matter, Defendants assert that Plaintiff's Motion should be denied as untimely because it was filed more than a month after the close of discovery, almost a month after Defendants filed a Motion for Summary Judgment, and nine days after the pretrial motion deadline. (Docket no. 25 at 4-5.) Defendants rely on *VCA Clinipath Labs, Inc. v. Progressive Pet Animal Hosps., P.C.*, for the premise that "[a] district court may properly deny a motion to compel discovery where the motion to compel was filed after the close of discovery." *VCA Clinipath Labs, Inc. v. Progressive Pet Animal Hosps., P.C.*, No. 11-CV-12237, 2013 WL 140916, at *3 (E.D. Mich. Jan. 11, 2013) (quoting *Suntrust Bank v. Blue Water Fiber, L.P.*, 210

F.R.D. 196, 199 (E.D. Mich. 2002)). "[T]here is no authority that automatically precludes the filing of a motion to compel discovery after the close of discovery and after the filing of dispositive motions–indeed, it is within the discretion of the Court . . . ." *Suntrust Bank*, at 199 (footnote omitted).

In both *VCA Clinipath Labs* and *Suntrust Bank*, the discovery motions were not only filed after the filing of dispositive motions, as here, but they were also filed nine and eighteen months after the close of discovery, respectively. Conversely, the instant Motion was filed approximately one month after the close of discovery. Moreover, Plaintiff has shown that her counsel continued to engage in efforts to resolve these issues for the period of time prior to the close of discovery and preceding the filing of her Motion, and it appears that both parties continued to work through discovery issues into early November. (*See* docket nos. 20-5, 20-6, 27-2, 27-10.) Plaintiff has shown good cause for the Court to entertain her motion to compel on the merits, despite it being filed after the close of discovery. Fed. R. Civ. P. 16(b)(4). Accordingly, the Court will not deny Plaintiff's Motion on the basis of untimeliness.

### B. Request for Production Nos. 2, 3, 7, 10, 15, 16, and 18

As Plaintiff asserts, Defendants did not respond or object to Plaintiff's Request for Production (RFP) nos. 2, 3, 7, 10, 15, 16, and 18 during the response period. (*See* docket nos. 20-3 and 20-4.) Defendants do not dispute this fact or offer an explanation for their failure to do so. By not filing any proper objections during the response period, Defendants have waived any objections to the discovery, and the Court declines to consider the newly-raised objections to these discovery requests that Defendants set forth in their Response to the instant Motion and in the Joint Statement. *See Carfagno v. Jackson Nat'l Life Ins. Co.*, No. 5:99CV118, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001) (citations and internal quotation marks omitted)

4

("As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objection.") Accordingly the Court will grant Plaintiff's Motion with regard to Request for Production Nos. 2, 3, 7, 10, 15, 16, and 18 and will order Defendants to fully and completely respond to these discovery requests, without further objection, to the extent that documents and/or items responsive to these requests exist, are within Defendants' possession, custody, or control, and have not yet been produced.

With regard to the software necessary to review data responsive to RFP nos. 2 and 3, Defendants assert that they do not own such software and that they are not licensed to provide it to third parties. (Docket no. 25 at 7.) Defendants suggest that Plaintiff could purchase the software from the supplier, but, as an alternative, they have offered to make a computer with the software and data available for review at a mutually convenient time and place. (*Id.*; docket no. 28 at 2.) Plaintiff asserts that it is Defendants' duty to translate the data into a reasonably usable form under Federal Rule of Civil Procedure 34(a). (Docket no. 27 at 4-6; docket no. 28 at 2.) Plaintiff also asserts that Defendants' offer to allow Plaintiff to view the data on a computer at a mutually convenient time and place is insufficient because it does not provide Plaintiff with equal access to the evidence. (Docket no. 28 at 2.)

To support her argument, Plaintiff cites to several cases from courts in the Sixth Circuit and in other circuits, which were presented with arguments substantially similar to those made here. In *Donahoo v. CSX Transportation, Inc.*, the court pointed out that it was the defendant's burden to produce the train video of the subject incident and the related Event Recorder Data to the plaintiffs in a usable form under Rule 34(a)(1)(A), and it ordered that (1) the defendant provide the plaintiffs with a laptop computer loaded with the video, the Event Recorder Data, and the necessary software to be used by the plaintiffs for purposes of the litigation and to be

returned upon its completion; or (2) the plaintiffs procure a license and copy of the software from the third-party vendor and that the defendant reimburse the plaintiffs for the cost of the license. *Donahoo*, No. 4:12-CV-00104-JHM-HBB, Doc. 46 at 1-2 (W.D. Ky. Aug. 15, 2013). Relying on the decision in *Donahoo*, the court in *Pero v. Norfolk Southern Railway, Co.* entered an almost-identical order with regard to a locomotive video recording, reasoning that the defendant could not "use its choice to enter into a software agreement as a shield against producing a relevant piece of discovery, [or] use the agreement as a basis for attaching burdensome conditions to the production of the recording. *Pero*, No. 3:14-CV-16-PLR-CCS, 2014 WL 6772619, at *3 (E.D. Tenn. Dec. 1, 2014). And in *Rawls v. Union Pacific Railroad*, the court considered an offer similar to that of Defendants in this matter, and it found that [r]equiring the parties to confer and agree upon a time when Plaintiffs, their counsel, or their experts may meet with Defendants' counsel at Defendants' place of business, each time Plaintiffs need access to the information is neither reasonable or practical." *Rawls,* No. 1:09-cv-01037, Doc. 101 at 3, 4 (W.D. Ark. Feb. 18, 2011).

The Court finds the holdings in *Donahoo*, *Pero*, and *Rawls* to be particularly persuasive and will enter a similar order in this matter. Accordingly, with regard to the software necessary to review the data requested by Plaintiff in RFP nos. 2 and 3, the Court will order that either (1) Defendants provide Plaintiff with a laptop computer loaded with a copy of the responsive data and the software necessary to review that data, to be used solely for the purposes of this litigation and to be returned to Defendants once the litigation is complete; or (2) Plaintiff procure a license and copy of the software from the third-party vendor, for which Defendants will reimburse Plaintiff.

C.   **Request for Production Nos. 4 and 5**

Plaintiff's RFP no. 4 asks Defendants to "produce the list, index or other readout of geometry car evaluations and geometry car videos available for the subdivision where this accident happened. You need only provide a readout of the videos and evaluations that are currently available." (Docket no. 20-2 at 6.) Plaintiff's RFP no. 5 seeks the ten most recent geometry car videos over the crossing and data from the evaluations conducted nearest in time before and after the accident. (*Id.*) Defendants objected to these requests as overbroad, unduly burdensome, not calculated to lead to relevant or admissible evidence, and not limited in temporal or geographic scope. (Docket no. 20-3 at 2; docket no. 20-4 at 2.)

In the Joint Statement, Defendants indicate that they produced the printouts from the geometry car that passed over the crossing on October 6, 2010, before the subject incident, and on July 19, 2011, after the incident. (Docket no. 28 at 3.) Plaintiff argues that Defendants produced the print-outs for an unreasonably limited period of time. (*Id.*) Plaintiff's argument is not well taken, however, as RFP no. 4 does not specify a temporal requirement; it indicates that Defendants need only provide the print-outs that are currently available. The Court will deny Plaintiff's Motion in this regard.

With regard to the geometry car videos, Defendants assert that the geometry car was operated by a third party under contract with Defendant Conrail and that Defendant Conrail does not have the videos from those geometry car runs, but it has inquired into their existence. (*Id.*) Plaintiff argues that the videos are under Defendant Conrail's control as contemplated by Federal Rule of Civil Procedure 34 because Defendant Conrail has the right and practical ability to obtain the videos from the third party. (*Id.* at 3-4.)

7

Under Rule 34(a), a party may request the production of documents that are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The Sixth Circuit and other courts have consistently held that "documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has *actual* possession, custody or control, *or has the legal right to obtain the documents on demand*." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (emphasis in original and added) (citing *Resolution Trust Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 110 (D. Colo. 1992); *Weck v. Cross*, 88 F.R.D. 325, 327 (N.D. Ill. 1980)). "In light of the Rule's language, '[a] party responding to a Rule 34 production request cannot furnish only that information within his immediate knowledge or possession; he is under an affirmative duty to seek that information reasonably available to him from his employees, agents, or others subject to his control.'" *Flagg v. City of Detroit*, 252 F.R.D. 346, 353 (E.D. Mich. 2008) (Rosen J.) (quoting *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992) (internal quotation marks and citation omitted)).[1] But "'[t]he relationship between the party and the person or entity having actual possession of the document is central in each case. The party must be able to command release of the documents by the person or entity in actual possession.'" *Gen. Envtl. Science Corp. v. Horsfall*, 25 F.3d 1048 (Table), at *10 n.15 (quoting *Estate of Young v. Holmes*, 134 F.R.D. 291, 294 (D. Nev. 1991)). And "[t]he party seeking production of documents bears the burden of proving that the opposing party has [such] control." *Robert Bosch, LLC v. Snap-On Inc.*, No. 12-11503, 2013 WL 823330, at *1 (E.D. Mich. Mar. 6, 2013) (Cleland, J.) (citing *United States v. Int'l Union of Petroleum & Indus. Workers, AFL–CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989)).

---

[1] The Court noted in *Flagg*, that "[s]ome courts have adopted a more expansive notion of 'control,' finding that it extends to circumstances where a party has the 'practical ability to obtain the documents from a nonparty to the action.'" *Flagg*, 252 F.R.D. at 353 n.16 (quoting *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 146 (S.D.N.Y. 1997)).

While Plaintiff's argument regarding whether Defendants have control of the geometry car videos is logically sound, the Sixth Circuit has not adopted such an "expansive notion of control." *See Flagg*, 252 F.R.D. at 353 n.16. And while Defendants could undoubtedly ask the third party for the videos in question, and have admittedly inquired as to their existence, Plaintiff has not met her burden of proving that Defendants have the ability to "command the release" of these documents. Thus, Plaintiff should have obtained these documents through a third-party subpoena under Federal Rule of Civil Procedure 45 rather than expecting Defendants to do so under Rule 34. Therefore, the Court will deny Plaintiff's Motion with regard to RFP nos. 4 and 5.

**D.     Request for Production No. 9**

Request for Production no. 9 seeks "all 'Locomotive Inspection,' 'Maintenance,' 'Other Mechanical Records' and 'Work Orders' for the trains involved in this accident." (Docket no. 20-2 at 7.) Defendants objected to this request on the grounds that it seeks material potentially subject to the work product doctrine and/or attorney client privilege. (Docket no. 20-3 at 3; docket no. 20-4 at 3.) The Joint Statement indicates that Defendants have agreed to determine if there are additional records responsive to this request, including records related to locomotive maintenance and testing of the train horns. (Docket no. 28 at 4.) Accordingly, the Court will grant Plaintiff's Motion to Compel to the extent that documents responsive to RFP no. 9 exist, are within Defendants' possession, custody, or control, and have not yet been produced.

**E.     Request for Production no. 13**

Request for Production no. 13 asks the following of Defendants:

> 13. Please produce any and all documents related to the subject crossing. These documents should include, but not be limited to, the following:
>    a.   The current crossing file for the subject crossing;
>    b.   The crossing file as it existed at the time of the accident;

9

    c. Any and all studies, evaluations or reviews that include this crossing, the surrounding right-of-way, signs and signals and/or other improvements;
    d. Any and all documents you received from any other railroad, shipper, the Federal Railroad Administration, American Association of Railroads or any other person or entity about the crossing;
    e. Any documentation concerning the history of the crossing before this collision;
    f. Any Unusual Occurrence Reports, field reports, or home office reports regarding the crossing;
    g. Any complaints or inquiries the railroad has received from anyone concerning the crossing;
    h. Any photographs, videotapes or films that include the crossing such as aerial photographs, geometry car videos, rail defect detector car videos, or corridor review team inspection videos;
    i. Any documentation that the markings, signs or signals at this crossing may have been considered for upgrading or improvement;
    j. Any reports prepared in connection with the crossing in question or accidents at the crossing including the Federal Railroad Administration Rail Highway Grade Crossing Accident\Incident Reports (this production should include both the copy prepared in the field or other draft of the report and the final electronic or typed version sent to the Federal Railroad Administration);
    k. The Railroad Accident/Incident Reporting System, Personal Injury Detail Report for this collision or similar document that does not have a form number and is generally completed by the clerk or someone in the Division office;
    l. All reports sent to the Federal Railroad Administration for the collision in question, as well as for all other collisions that have occurred at the subject crossing;
    m. The grade crossing accident/incident wire report that is completed on your computer and is an internal railroad report;
    n. All slow orders in effect on the day of the collision for the subdivision that includes the subject crossing.

(Docket no. 20-2 at 8-10.) Defendants objected to RFP no. 13 on the basis of privilege, vagueness, overbreadth, and that certain documents were not discoverable or admissible "based on the terms of the statute or regulation requiring them to be made." (Docket no. 20-3 at 5; docket no. 20-4 at 5.) In response to Plaintiff's Motion, Defendants explain that the discovery of certain reports made by Defendants to the Federal Railroad Administration is precluded by 49

U.S.C. § 20903 and 49 C.F.R. § 225.7. (Docket no. 25 at 11.) In the Joint Statement, Defendants indicate that they responded to subparts (a)-(j) and (l)-(n) in their response to discovery and in response to the instant Motion, and they assert that Plaintiff should seek the documents requested in subparts (c)-(e), (g), and (i) from the Michigan Department of Transportation. (Docket no. 28 at 5.) Plaintiff counters that Defendants have produced only a boilerplate objection, not the items requested. (*Id.*)

The Court finds that the items sought by Plaintiff are relevant and proportional to the needs of the case and will order production of the same to the extent it is not prohibited by statute, and to the extent that documents and/or items responsive to this request exist, are within Defendants' possession, custody, or control, and have not yet been produced. Notably, Defendants admitted production of the Unusual Occurrence Report for only the subject incident does not fully satisfy the request made in subsection (f) if other Unusual Occurrence Reports regarding the subject crossing exist. To the extent that Plaintiff seeks an accident or incident report made or filed in accordance with 49 U.S.C. §§ 20901-02 or 49 C.F.R. §§ 225.11-225.12, Plaintiff's request is denied, as such reports may not be used for any purpose in a civil action for damages resulting from a matter mentioned in the report. 49 U.S.C. § 20903; 49 C.F.R. § 225.7. Thus, Plaintiff's RFP no. 13 will be granted in part and denied in part, as stated above.

### F. Request for Production no. 14

Plaintiff's Request for Production no. 14 states:

> 14. Please produce all materials used for training of railroad employees regarding the following:
> a. Their safety responsibilities at grade crossings;
> b. Sight distance requirements at grade crossings;
> c. Grade crossing safety in general;
> d. Conditions at grade crossings that can make the crossing more hazardous;
> e. Reporting hazardous conditions at grade crossings; and

> f. Any other materials related to how railroad employees can help make grade crossings safe for the public.

(Docket no. 20-2 at 10.) Defendants objected to this request as follows:

> [Consolidated Rail Corporation and CSX Transportation, Inc. object] to this request to produce on the grounds that it is vague, overbroad, and not calculated to lead to relevant or admissible evidence. Moreover, the request is objectionable in that it requires the railroad to view documents and determine whether they have any implication or impact on the subject matter of this request which subject matter for, the most part, [is] not the duty of this defendant or its employees.

(Docket no. 20-3 at 5; docket no. 20-4 at 5.) In response to Plaintiff's Motion, Defendants clarify their objection by explaining that they have no duty under Michigan law to evaluate the grade crossing signals and protection in place at the subject grade crossing or to determine whether different or additional signals are required. (Docket no. 25 at 11.) Defendants also inform that they provided the operating rules for the CSX train crew members on the train in question to Plaintiff on August 28, 2015. (*Id*.) In the Joint Statement, Plaintiff asserts that Defendants have not produced any material used for training railroad employees and that, at a minimum, they must produce the written program of instruction on operating rules and practices that Defendants are required to maintain under 49 C.F.R. §§ 217.11 and 218.11. (Docket no. 28 at 6.)

The Court finds that the information Plaintiff seeks, particularly the aforementioned written program of instruction, is relevant and proportional to the needs of the case. And while Defendants disclaim a duty to evaluate grade crossing signals, they do not adequately explain why their purported lack of duty should excuse them from producing the documents sought by Plaintiff.[1] For these reasons, the Court will grant Plaintiff's Motion with regard to RFP no. 14.

---

[1] Seemingly, even if Defendants' railroad employees are not trained to evaluate the safety of the subject grade crossing because Defendants are not charged with such a duty, the employees may receive training regarding grade crossing safety in other aspects, e.g. the safe operation of a train across grade crossings.

### G. Request for Production no. 17

Request for Production no. 17 asks the following of Defendants:

17. Please produce the following items for all persons who were on the train at the time of the accident:
   a. All records showing the hours of service from the moment they went on duty prior to the accident until they went off duty after the accident;
   b. Their personnel files;
   c. All documents the crew had in their possession as they operated the train immediately prior to the accident in question, including but not limited to track warrants, track bulletins, train sheets, work orders, consist or other documents provided to the crew the day of this accident;
   d. All documents the crew should have had in their possession as they operated the train immediately prior to the accident in question;
   e. Any results from drug and alcohol tests administered after the collision;
   f. Their complete training history and disciplinary history;
   g. All documents they generated, executed or provided information for following the accident (this should include, but not be limited to, the engineer's and/or conductor's accident/incident reports, personal notes, delay reports, time sheets, interview briefs or any other documents regarding the accident or the trip that day);
   h. A complete history of the accidents in which they have been involved during the term of their employment with any railroad;
   i. All near miss or near hit reports they have ever filed in the term of their employment with this railroad;
   j. All materials used for the training of these crew members;
   k. Any results of medical and psychological testing during the term of their employment.

(Docket no. 20-2 at 13-14.) Defendants objected to this request on the grounds of relevance, vagueness, overbreadth, and privilege. (Docket no. 20-3 at 7; docket no. 20-4 at 6-7.) In the Joint Statement, Defendants assert that they have produced documents or the train crew has given deposition testimony responsive to subparts (a) and (c)-(i). (Docket no. 28 at 8.) They further assert that if the Court deems it necessary to produce the crew's personnel or medical files, it should be done under an appropriate protective order. (*Id.*) Plaintiff counters that she

13

has only received documents responsive to subpart (a) from Defendants and that the train crew's testimony related to the documents is insufficient. (*Id.*)

The Court finds that the documents sought by Plaintiff are relevant and proportional to the needs of the case, and agrees with Plaintiff that the train crew's deposition testimony regarding some of those documents does not satisfy Plaintiff's request for the actual documents. The Court will therefore grant Plaintiff's Motion with regard to RFP no. 17. The Court acknowledges that the personnel and medical files of the train crew may contain private or confidential information that the members of the train crew would like to protect against disclosure. Accordingly, the Court will order that the documents be produced under cover of a Joint Protective Order that the parties will draft, stipulate to, and submit to the Court for signature prior to the deadline for production.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery from Defendants [20] is **GRANTED IN PART** and **DENIED IN PART** as follows:

a. Plaintiff's Motion to Compel the production of documents responsive to Plaintiff's Requests for Production Regarding Recording Devices and Documents nos. 2, 3, 7, 9, 10, 14, 15, 16, 17, and 18 is GRANTED. To the extent that Defendants have not yet produced all responsive documents or items within their custody, possession, or control, Defendants will do so, without further objection, within twenty-one (21) days of this Order;

b. With regard to the software necessary to review the data requested by Plaintiff in RFP nos. 2 and 3, Defendants will provide Plaintiff with a laptop computer loaded with a copy of the responsive data and the software necessary to review that data, to be used solely for the purposes of this litigation and to be returned to Defendants once the

    litigation is complete; OR Plaintiff will procure a license and copy of the software from the third-party vendor, for which Defendants will reimburse Plaintiff;

c. Prior to the deadline for production, the parties are ordered to draft, stipulate to, and submit to the Court for signature a Joint Protective Order to protect the confidentiality of personnel and medical files responsive to RFP no. 17;

d. Plaintiff's Motion to Compel the production of documents responsive to Plaintiff's Requests for Production Regarding Recording Devices and Documents no. 13 is GRANTED IN PART and DENIED IN PART. To the extent that they have not yet done so, Defendants will produce all documents or items responsive to RFP no. 13 within their custody, possession, or control, except for those reports precluded for use in a civil action under 49 U.S.C. § 20903 and 49 C.F.R. § 225.7, without further objection, within twenty-one (21) days of this Order;

e. To the extent that Defendants have withheld or plan to withhold documents on the basis of privilege, Defendants must provide a privilege log to Plaintiff as part of the production;

f. Upon production, Defendants are ordered to file an affidavit stating that they have produced all responsive documents within their custody, possession, or control in accordance with this Order and that the production is complete; and

g. Plaintiff's Motion to Compel the production of documents responsive to Plaintiff's Requests for Production Regarding Recording Devices and Documents nos. 4 and 5 is DENIED.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: May 12, 2016         s/ Mona K. Majzoub
                            MONA K. MAJZOUB
                            UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon counsel of record on this date.

Dated: May 12, 2016         s/ Lisa C. Bartlett
                            Case Manager