UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA FRYE,

     Plaintiff,

v.

CSX TRANSPORTATION
INCORPORATED and CONSOLIDATED
RAIL CORPORATION,

     Defendants.

_____/

Case No. 2:14-cv-11996

HON. STEPHEN J. MURPHY, III

## **OPINION AND ORDER REGARDING PLAINTIFF'S MOTION IN LIMINE [49]**

In April 2011, Shyan Frye walked her bicycle along a road in Wayne County, Michigan. A northbound train, owned and operated by Defendants, struck and killed her. Shyan's family then filed suit and alleged various tort claims against the train company and several employees.

Prior to trial, Plaintiff filed a motion in limine to exclude evidence of the decedent's prescriptions, depression, or suicidal intentions. The Court denied the motion because it found that the evidence might be admissible if a foundation were properly laid. But Plaintiff was permitted to renew the issue as an objection at trial.

At trial, Defendants did not follow the Court's guidance and instead attempted to elicit testimony regarding prescriptions, depression, and suicidal intentions without laying a foundation. For example, Defendant's counsel—in the guise of a question— read, verbatim, Facebook posts into the record without first establishing who wrote the posts or whether the witness had any knowledge of the posts. Defendants' counsel, again in the guise of a question, then stated the results of a toxicology report without

1

first establishing whether the witness was competent to speak about medical tests (she was not) or whether the witness had previously seen the report. Partially as a result, the Court declared a mistrial.

In light of the mistrial, the Court recognized that allowing Defendants to lay a foundation at trial risks unduly exposing the jury to prejudicial evidence. Consequently, the Court ordered supplemental briefing so that the foundation could be evaluated outside the presence of the jury. Defendants' briefing indicates that they intend to introduce: (1) the train crew's observations immediately prior to the collision; (2) Wayne County Medical Examiner's reports; (3) Shyan's school records; and (4) Facebook posts from Shyan's memorial page. The Court will address each piece of evidence in turn, and revise the earlier ruling on Plaintiff's motion in limine.

I.  Train Crew's Observations

The train crew can testify to their firsthand observations from when the train approached the accident scene, such as the crew's observations of the grade crossing, where Shyan was positioned when the train approached the grade crossing, where the train struck Shyan, and other similar observations. *See* Fed. R. Evid. 602.

But the train crew is not qualified to opine or speculate as to Shyan's mental health history, suicidal intentions or thoughts, and prescriptions. The crew members are not medical experts. *See* Fed. R. Evid. 702. And there is no indication that the crew can provide opinion testimony that is rationally based on their perception because they were traveling quickly and were a distance away from Shyan until impact. *See* Fed. R. Evid. 701.

II. <u>Medical Examiner's Reports</u>

Although unclear, it appears the parties stipulate to the chain of custody of the Medical Examiner's Post Mortem Report so that the business record exception to hearsay may apply. ECF 85, PgID 2285. Defendants' intention to admit the exhibit through J. Scott Somerset, M.D. seems proper, as he is the doctor that produced the report. ECF 84-2, PgID 2232.

Defendants also want to admit the Medical Examiner's Toxicology Laboratory Report through Dr. Somerset. But that may be improper. Although Defendants submit the Toxicology Laboratory Report with the Post Mortem Report as one exhibit, they are not a unit. The Post Mortem Report's bottom right corner indicates that the report is 4 pages long. ECF 84-2, PgID 2232–35. And the fourth page states: "End of Report." *Id.* at 2235. The Toxicology Laboratory Report has different pagination and is signed by a different doctor, Bradford Hepler. ECF 84-2, PgID 2236. Defendants therefore have not shown that Dr. Somerset can speak competently about the Toxicology Laboratory Report. Consequently, Defendants cannot admit the Toxicology Laboratory Report until a proper foundation is laid—either by calling Dr. Hepler as a witness or by showing Dr. Somerset's knowledge of the report.

If Defendants can admit the Toxicology Laboratory Report, then they want to highlight that Shyan had Citalopram in her system when she died. From that, Defendants hope to show that Citalopram treats depression and that a side effect is suicidal ideation. More foundation is needed before Defendants can elicit that testimony. As a medical examiner, Dr. Somerset seems unlikely to have expertise in pharmacology

or psychiatry. Until Defendants show that Dr. Somerset has the proper qualifications, he may not testify about Citalopram or its side effects.

III. Shyan's School Records

Although unclear, it appears Plaintiff stipulates to the authenticity, but not the admissibility, of Shyan's school records. Specifically, Plaintiff seems to argue that the records are irrelevant because she is not advancing an earnings capacity claim. Plaintiff's point is well taken, but perhaps more problematic is that Defendants did not indicate which witness would present the records. Defendants instead rely on the apparently incorrect conclusion that Plaintiff stipulated to admissibility.

When addressing a motion in limine, the Court assesses whether there are potential grounds for admitting evidence. *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Some witnesses may know how Shyan felt about her grades, and that information may be probative of whether Shyan was depressed or suicidal. Because there is a possibility of admissibility, the Court will not definitively exclude the evidence here. But Defendants must first lay a deep and precise foundation before admitting or referencing the records.

IV. Facebook Posts from Shyan's Memorial Page

Defendants seek to admit two subsets of Facebook posts: posts made by Samantha Frye and posts made by the "R.I.P Shyan Frye" memorial page. Plaintiff objects that the posts are hearsay and irrelevant. As to relevancy, Defendants need to establish that the referenced "hate" occurred prior to Shyan's death. If it did, then the "hate" could make it more probable that Shyan decided to walk in front of Defendants' train. *See* Fed. R. Evid. 401. That said, the Court agrees that the posts have limited

4

probative value. Accordingly, the Court will not exclude the posts as irrelevant; but if Defendants proffer the posts at trial, they will not be permitted to use the posts beyond their limited probative value.

Plaintiff's hearsay objection is more difficult. Defendants' presentation is rife with issues. For example, the Court does not know who is the memorial page's custodian, the posts have not been authenticated, and there is no indication why the posts were made. The Court therefore cannot make an informed and definitive ruling, but Plaintiff's objection seems very likely to be sustained at trial.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Court amends its ruling issued on January 19, 2018. Plaintiff's Motion in Limine [49] is **GRANTED IN PART AND DENIED IN PART**. Defendants may proffer evidence of Shyan Frye's prescriptions, depression, or suicidal intentions only in a manner consistent with this order.

**IT IS FURTHER ORDERED** that attempts to circumvent this order in any way, for example by proffering excluded evidence in the guise of a question, shall be construed as obstructive behavior.

**IT IS FURTHER ORDERED** that any attempts to ignore or relitigate the Court's order at trial, especially in the presence of the jury, will be construed as obstructive behavior.

**IT IS FURTHER ORDERED** that the parties are on notice that the Court will use any available corrective measures to address obstructive behavior.

**SO ORDERED.**

Dated: March 8, 2018

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

5

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 8, 2018, by electronic and/or ordinary mail.

            <u>s/ David Parker</u>
            Case Manager