UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA FRYE,

    Plaintiff,

v.

CSX TRANSPORTATION
INCORPORATED and CONSOLIDATED
RAIL CORPORATION,

    Defendants.

_____/

Case No. 2:14-cv-11996

HON. STEPHEN J. MURPHY, III

## **OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL [102]**

In April 2011, a train struck and killed Shyan Frye in Wayne County, Michigan. Plaintiff then filed a tort action against the companies that operated the train and were responsible for the grade crossing where the collision happened. After a seven-day trial, a jury found Defendants not liable. Plaintiff now seeks a new trial. The Court reviewed the briefs and found that a hearing is unnecessary. For the reasons below, the Court will deny Plaintiff's motion.

## **STANDARD OF REVIEW**

After a jury trial, courts may grant a motion for new trial for any reason that previously justified a new trial in an action at law in federal court. Fed. R. Civ. P. 59(a)(1)(A). Specific grounds for relief have included: (1) the verdict is against the weight of the evidence; (2) damages are excessive; (3) substantial errors in the admission or exclusion of evidence; (4) errors in giving or refusing to give jury instructions; (5) misconduct of counsel; and (6) for other reasons the trial was not fair. *Life for Relief & Dev. v. Bank of Am., N.A.*, No. 12-13550, 2017 WL 3616498, at *1 (E.D. Mich. Aug. 23,

2017) (collecting cases). The Court has broad discretion to grant a new trial. *Clark v. Esser*, 907 F. Supp. 1069, 1073 (E.D. Mich. 1995) (citing *Fryman v. Fed. Crop Ins. Corp.*, 936 F.2d 244, 248 (6th Cir. 1991)). But a motion for new trial cannot be granted unless the moving party establishes that she was prejudiced. *Simmons v. Napier*, 626 F. App'x 129, 132 (6th Cir. 2015) (citing *Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 891 (6th Cir. 2004)).

**DISCUSSION**

Plaintiff makes five arguments in support of her motion. The Court will address each in turn.

I.  Evidence Regarding Shyan's Medication

Plaintiff argues that the Court abused its discretion by allowing a medical examiner and a toxicologist, each of whom forensically analyzed Shyan's body, to testify about a medication found in Shyan's body and its potential side effects. Specifically, the witnesses testified that Shyan had taken citalopram, an antidepressant that can cause suicidal ideation, among other side effects. To prevail, Plaintiff needs to show that the Court abused its discretion by admitting the evidence and that the admission amounted to more than harmless error. *Argentine v. United Steelworkers of Am., AFL-CIO*, 287 F.3d 476, 486 (6th Cir. 2002). Because the Court did not abuse its discretion by admitting the evidence, Plaintiff is not entitled to relief.

Plaintiff lodges three assertions against the testimony: that it was irrelevant, that it was more prejudicial than probative, and that the FDA medication guide on citalopram was hearsay. Starting with the first two arguments, the evidence was neither irrelevant nor more prejudicial than probative. The theories advanced at trial asked whether the jury

2

believed that Shyan was struck due to Defendants' negligence or that nothing could be done to avoid the collision because Shyan walked in front of the moving train. The presence of drugs—which could have altered Shyan's mental or psychological state—were relevant. The evidence had a tendency to make it more probable that she walked in front of the train. Thus, as it related to one of the main theories advanced at trial, the evidence was relevant. Fed. R. Evid. 401(a). Additionally, because that evidence went to the crux of one of Defendants' theories, its probative value was not substantially outweighed by a danger of unfair prejudice. *See* Fed. R. Evid. 403.

Turning to the hearsay objection, the FDA medication guide on citalopram is admissible because it falls within the public records exception to the rule against hearsay. *See* Fed. R. Evid. 803(8). The FDA medication guide is a government document reflecting the factual findings, conclusions, or evaluations of a public agency. *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 162 (1988). *See also Patterson v. Central Mills, Inc.*, 64 F. App'x 457, 462 (6th Cir. 2003) (finding admissible under public records exception press releases and publications reflecting statement of an agency or commission).

II. <u>Jury Instruction about Childish Instincts</u>

Plaintiff next argues that the Court abused its discretion by not giving Michigan Civil Jury Instruction 10.07, which provides that defendants are required to exercise greater vigilance around children that may act upon childish instincts. The omission of that instruction was not an error under Michigan law. Train operators may presume that a person of sufficient age and without an apparent disability will avoid the danger of an oncoming train, unless the person appears to be unaware of the danger and does not appear to hear or notice the warning signals. *Wexel v. Grand Rapids & I. Ry.*, 190 Mich.

3

469, 477 (1916); *see also Trudell v. Grand Trunk Ry. Co.*, 126 Mich. 73, 80–81 (1901); *Berlin v. Chicago & N.W. Ry. Co.*, 261 Mich. 479, 482–83 (1933). Shyan, who was thirteen at the time of the accident, was of sufficient age to understand the danger of a train, and she had no apparent disabilities. Thus, the Court did not need to give Michigan Civil Jury Instruction 10.07.

Even if the jury instructions did contain an error, Plaintiff is not entitled to a new trial. "A party is not entitled to a new trial based upon alleged deficiencies in the jury instructions unless the instructions, taken as a whole, are misleading or give an inadequate understanding of the law." *Wesley v. Campbell*, 864 F.3d 433, 441 (6th Cir. 2017) (internal quotations and citations omitted). Here, the Court instructed the jury that Shyan had the duty of care of a reasonably careful minor of her age. ECF 97, PgID 2500. The jury still knew to account for Shyan's level of maturity as a thirteen-year-old girl, even though the given instruction pertains to Shyan's duty and the omitted instruction pertains to Defendants' duty. When taken as a whole, the jury was not misled or given an inadequate understanding of the law.

### III. Summary Judgment for Alan Gallacher

Plaintiff argues that the Court abused its discretion by granting summary judgment for the train's conductor, Alan Gallacher. Plaintiff's motion should have been brought as a motion for reconsideration under Eastern District of Michigan Local Rule 7.1(h), but the deadline for such a motion has long passed. Even if the Court were to interpret Plaintiff's request as a timely motion to amend judgment for Gallacher under Federal Rule of Civil Procedure 59(e), she has not presented any new evidence or legal arguments to support

4

the motion. Without anything new to consider, the Court will not reconsider its original decision.

IV.      Exclusion of Photographs of the Updated Crossing

Plaintiff argues that the Court abused its discretion by excluding photographs of the grade crossing that showed repairs made after Shyan was struck. The Court did not abuse its discretion. The photographs depicted a subsequent remedial measure and were thus excludable under Federal Rule of Evidence 407. Plaintiff argues that the policy behind Rule 407 is to avoid disincentivizing tortfeasors from making repairs that could prevent future injuries. In advancing her argument that the policy of Rule 407 does not apply, Plaintiff asserts that Defendants were forced to make the repairs here. Plaintiff appears to believe that the Court should have found an exception to Rule 407. But Plaintiff's policy arguments are not supported by the text of Rule 407. Further, Defendants provide evidence that they worked with governmental authorities and volunteered to make the repairs. Accordingly, the Court is not inclined to recognize Plaintiff's proposed exception. But if it were, the photographs here would not fall within the proposed exception.

Even if the exclusion of the photographs were an abuse of discretion, it was a harmless error, so Plaintiff is not entitled to a new trial. *Argentine*, 287 F.3d at 486. The jury found that Conrail was negligent in its upkeep of the grade crossing where Shyan was struck. Conrail was not liable, however, because the jury found that its negligence was not the proximate cause of Shyan's death. The exhibit at issue is a photograph of the grade crossing after it was fixed. Because of the improvements, the grade crossing looks much different than it did on the day of Shyan's death. The picture could not reveal

5

anything about what might have caused Shyan to remain on the tracks, so its omission could not have affected the jury's decision about proximate causation. If the omission were an error, it was harmless.

V. <u>Striking Juror for Cause</u>

Finally, Plaintiff argues that the Court abused its discretion by not striking a potential juror for cause because he owned a consulting company that helped the Department of Army market certain assets, including rail systems. The Court questioned the potential juror about this relationship, and the potential juror said he had no financial interest in the outcome of the case. ECF 105-7, PgID 2647–48. Moreover, the potential juror affirmed that he could be fair and impartial. *Id.* at 2648. The Court therefore did not abuse its discretion by denying Plaintiff's request to strike the potential juror for cause.[1] Plaintiff is not entitled to relief.

**CONCLUSION**

In sum, Plaintiff has not shown that she is entitled to a new trial. The Court will therefore deny her motion.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Motion for New Trial [102] is **DENIED**.

**SO ORDERED.**

                                          s/ Stephen J. Murphy, III
                                          STEPHEN J. MURPHY, III
                                          United States District Judge

Dated: August 19, 2018

---

[1] Plaintiff ultimately used a peremptory challenge to remove the potential juror. Plaintiff has not identified a juror that she would have used a peremptory challenge on if the Court had granted her motion.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 19, 2018, by electronic and/or ordinary mail.

<u>s/ David Parker</u>
Case Manager
